[ PHILADELPHIA, JANUARY 4TH, 1840. ]

## NEWHOUSE *v.* THE COMMONWEALTH.

#### CERTIORARI.

An order of the Mayor's Court, after a conviction of a husband for desertion of his wife, &c., that the defendant pay a certain sum per week to the guardians of the poor for the use of the wife, give security, &c., and stand committed until the judgment be complied with, is not affected by the subsequent discharge of the defendant's person under the insolvent law, except as to the payments then due; and where, after such sentence and discharge, the former desertion continuing, the Mayor's Court made a second order upon the defendant to pay a weekly sum to the guardians of the poor, to give security, and to stand committed, &c., the Supreme Court affirmed the first order, and reversed the second.

THIS was a certiorari to the Mayor's Court for the City of Phila-delphia, to remove the record of certain proceedings instituted in the name of the commonwealth on the relation of " the Guardians for the Relief and Employment of the Poor of the City of Philadel-phia, the District of Southwark, and the Townships of the Northern Liberties and Penn," against Jacob Newhouse.

The following statement of facts was agreed to by the counsel.

On the 7th day of April, 1834, complaint was made by the guard-ians aforesaid, before an alderman of the city of Philadelphia, that the above-named Jacob Newhouse had separated himself from his wife, Harriet Newhouse, without reasonable cause, leaving her a charge on the said city, district, and townships; and the said defen-dant entered into a recognisance to appear at the next Mayor's Court, there to abide the determination of the said Court.

On the 17th day of October, 1834, the Mayor's Court, upon hearing the said complaint, made the following order:

" October 17th, 1834. The Court adjudge that the defendant pay to the guardians of the poor, for the use of his wife, Harriet New-house, the sum of one dollar and fifty cents per week, commencing from the 7th day of April, 1834; give security in the sum of three hundred dollars, to comply with this order, and indemnify the guardians of the poor; pay the costs of prosecution; and stand committed until judgment be fully complied with."

The said order was not complied with by the defendant, who, on

the ninth day of January, 1835, was discharged by the Court of Common Pleas of the County of Philadelphia, as an insolvent debtor; having returned in his petition the said decree of the Mayor's Court.

On the 10th day of February, 1835, complaint was again made by the guardians, &c., aforesaid, that the said defendant had separated himself from his wife Harriet, without reasonable cause, leaving her a charge on said city, district, and townships; and the said defendant entered into a recognisance to appear at the next Mayor's Court of the City of Philadelphia, there to abide the determination of the said Court.

Upon the hearing of the said complaint before the Mayor's Court, the defendant pleaded in bar thereto the previous order of the said Court, of the 17th day of October, 1834, and the said discharge under the insolvent laws; and the Mayor's Court, on the 27th day of June, 1835, made the following order:

" June 27th, 1835. The Court adjudge that the defendant pay to the guardians of the poor, for the use of his wife, Harriet Newhouse, the sum of one dollar and fifty cents per week, commencing from the 10th day of February, 1835; give security in the sum of three hundred dollars to comply with this order, and indemnify the guardians of the poor; pay the costs of prosecution; and stand committed, until judgment be fully complied with."

Between the said first and second proceedings and orders, the said defendant and Harriet his wife had not cohabited, or dwelt together; nor had the defendant contributed or paid in any manner towards the maintenance and support of his said wife; nor did he maintain and support her; but the said defendant, from previous to the said first order of the Mayor's Court, until after the second order, remained in the same state of desertion towards his said wife; having between the first and second sentence taken the benefit of the insolvent laws, as aforesaid, in his petition for which he returned the decree of the Court so as aforesaid made.

The question is, whether the first judgment or order, and the said discharge under the insolvent laws, are not a bar to the second proceedings; so that the said Mayor's Court could not make the second order, as respects the whole thereof; and especially that the defendant a second time should give security in the sum of three hundred dollars, and stand committed until judgment be complied with; and whether the second order for committal was not illegal.

The second proceedings and decree to be quashed or confirmed, as the Court shall determine the law on the above facts.

Mr. *Miles,* for the plaintiff in error, referred to the act of 21st

(Newhouse *v.* The Commonwealth.)

March, 1812; and cited *The Commonwealth* v. *The Keeper of the Jail, &c.* (4 *Serg. & Rawle,* 505.)

Mr. *Hanna,* for the guardians of the poor, &c.

Per Curiam.—The sentence prior to the defendant's insolvency was not discharged by the discharge of his person from arrest. The order of the insolvent Court affected nothing but the payments then due, and certainly did not discharge him prospectively from duties to accrue. For the latter he remained liable by force of the sentence, as if he had not become an insolvent debtor; consequently, the first sentence, remaining as it did unreversed, was a bar to any new proceeding.

Sentence of the 17th October, 1834, affirmed; the sentence of the 27th June, 1835, reversed.