# The Commonwealth *versus* Jones.

90  43
127  12

1. The modification of orders in desertion cases, whether the proceedings are under the general law or the Act of 1867, are in the discretion of the Court of Quarter Sessions, and the allowance may be increased or diminished from time to time to suit the changed circumstances of the parties, or for sufficient reasons may be revoked altogether, and such action is not reviewable in the Supreme Court.

2. The surety of one who was ordered to pay a certain amount per week for the support of his wife and child, took a rule upon the Commonwealth to show cause why the surety should not be permitted to surrender the body of the defendant and be released from his recognisance, which rule the court made absolute. *Held,* that such order was within the recognised power of the court, and it must be presumed that there was a sufficient reason therefor.

June 2d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Certiorari to the Court of Quarter Sessions of *Lycoming county* : Of May Term 1878, No. 205.

This writ was taken by the Commonwealth to an order of the court, Gamble, P. J., making absolute a rule granted to Philip Miller, the surety of Vincent K. Jones, to show cause why said surety should not be permitted to surrender the body of said Jones, and be discharged from all liability on his recognisance.

The facts and proceedings in the court below, are sufficiently set forth in the opinion of this court.

*O. H. Reighard* and *W. W. Hart,* district attorney, for the Commonwealth.—The proceedings in this case are founded on the Act of April 13th 1867, Pamph. L. 78. Miller became surety to the Commonwealth in $800 conditioned for the payment of six dollars per week. Can this be regarded as anything else than a pecuniary obligation on the part of Miller, from which he can be released only on payment of the full amount of the bond ? The Act of Assembly, the order of the court and the record of the bond, all recognise but one condition, and that payment of a stipulated sum

of money.   There is no condition for the appearance or surrender of the defendant as in recognisance of bail or arrest in civil actions. On the contrary, the obligation of the surety may be regarded as analogous to that required in bail for stay of execution.   Surely it will not be contended that bail for stay of execution could be discharged from his pecuniary liability by surrendering his principal. It is only by compliance with the order of court and the terms of the bond in a bastardy case, that the principal or surety can be released from the obligation thereof: Directors of the Poor *v.* Dungan, 14 P. F. Smith 402.

*Henry C. McCormick*, for defendant in error.—In the case at bar, the court, in the exercise of a discretion which we believe the law allows, saw fit to require the surety to pay up the arrearages of the weekly allowance, and surrender his principal to the custody of the sheriff.   If the court had this power under the law, then there is no error apparent upon the face of this record, and it is wholly immaterial what the merits of the case may be.   A certiorari to the Quarter Sessions brings up nothing but the record; the merits of the case cannot be examined: Derry Overseers *v.* Brown, 1 Harris 390.   The depositions taken, if any there were, or the facts shown to the court, inducing the order, cannot be inquired into by this proceeding, and the presumption is that good reasons did exist for making the order complained of.   On a certiorari, every intendment is in favor of the proceeding till the contrary appear: Case of Windsor Township, 9 Watts 249.   It may be observed, that in this case it is the Commonwealth that complains, and not the defendant; yet the Commonwealth is in nowise injured. . The defendant was taken into custody upon his surrender, and the court had the right to keep him in prison until he either complied with the order or gave new security.

Mr. Justice Paxson delivered the opinion of the court, June 23d 1879.

The Commonwealth takes this writ of certiorari to bring up for review the proceedings in a desertion case.   Vincent K. Jones, the defendant, after a hearing in the Court of Quarter Sessions, upon the charge of having neglected and refused to support his wife, was ordered to pay six dollars per week, "for the support of his wife and child, and to give security to comply with this order by one or more sureties to the Commonwealth, to be approved by the court, .in the sum of $800; the said defendant to be committed to the county prison, there to remain until the order of the court is complied with."   Upon the same day, as appears by the record, the defendant entered the required security, and we take it for granted was discharged from arrest.   Without referring to all the subse-

[Commonwealth v. Jones.]

quent motions and orders in the case, it is sufficient to say, that on May 28th 1877, Phillip Miller, the surety, came into court and obtained a rule upon the Commonwealth to show cause why he should not be permitted to surrender the body of Vincent K. Jones to the sheriff of Lycoming county, upon paying up all arrearages to date, and be thereafter exonerated from all further liability on his said recognisance. This rule was subsequently made absolute, and the defendant re-arrested and sent to prison. It is this order of which the Commonwealth complains. The proceedings appear to have been under the Act of 13th April 1867, Pamph. L. 78.

The contention of the Commonwealth was that this was a case in which the surety could not discharge himself by a surrender of his principal; that his recognisance was analogous to bail for stay of execution, and that there was no relief from the condition of the recognisance but compliance with the order of the court. We are not considering the right of the surety to surrender his principal, and demand his own discharge, as in the case of ordinary bail in criminal cases. It was held, in the Directors of the Poor v. Dungan, 14 P. F. Smith 402, that where in a case of fornication and bastardy, the defendant had received the usual sentence, he had no right to be discharged, except upon compliance with the order for the support of the child, and that the surety stood in no better position. In such case the sentence was final, and after the term of court at which it had been imposed, could not be revoked nor modified, and the liability of the surety becomes fixed. But this record presents a question of the power of the court. The modification of orders in desertion cases, whether the proceedings are under the general law or the Act of 1867, are in the discretion of the court, and the allowance may be increased or diminished from time to time, to suit the changed circumstances of the parties, or for sufficient reasons, may be revoked altogether, and such action is not reviewable here. The Act of Assembly gives no appeal, and the certiorari brings up nothing but the record. That fails to show why the court below made the order complained of. It was within the recognised power of the Quarter Sessions, and we must presume there was a sufficient reason for it. In any event the Commonwealth has not been injured. The arrearages were all paid up, and the defendant re-committed to prison, where he must remain until he gives new bail, or is discharged by due course of law.

                         The proceedings are affirmed.