## THOS. J. MILLER v. COMMONWEALTH.

ERROR TO THE COURT OF COMMON PLEAS OF UNION COUNTY.

Argued May 15, 1889—Decided May 27, 1889.

The surety on the recognizance of a defendant convicted of desertion, conditioned that the defendant will pay a weekly sum for the support of his wife, cannot be absolved from liability by an offer to surrender the body of the principal: the obligation of the recognizance is voluntary and can be discharged only by payment according to its terms.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

Nos. 16, 17 July Term 1889, Sup. Ct.; court below, Nos. 41, 42 March Term 1888, C. P.

On January 23, 1888, two several actions in assumpsit were brought in the name of the Commonwealth as plaintiff, against Thomas B. Miller and Thomas J. Miller as defendants, the statement of claim filed in each case charging a liability of the defendants upon a recognizance entered into in the Court of Quarter Sessions of Union county, in a proceeding wherein Thomas B. Miller had been adjudged guilty of wife desertion and sentenced to pay the costs of prosecution and a certain sum per week towards the support of his wife, the complainant.

The writ was returned nihil habet as to Thomas B. Miller, but served upon Thomas J. Miller, who appeared and in each case filed an affidavit of defence. The plaintiff took rules for judgment for want of sufficient affidavits of defence.

The nature and character of the defence made, sufficiently appears from the opinion of the court below, BUCHER, P. J., filed on March 11, 1889:

Proceedings were instituted by the wife of Thomas B. Miller against him in the Quarter Sessions for desertion, under the act of April 13, 1867, P. L. 78. After hearing had, the husband was adjudged guilty of deserting his wife, and was sentenced to pay her a certain stipend per week. He entered

into recognizance with his father, Thomas J. Miller, as his surety, to comply with the order of the court. Subsequently to this, the wife applied to the Sessions for an increase of the allowance, which after hearing had was granted, and the defaulting husband, Thomas B. Miller, was sentenced to pay this increase, and he entered into a second recognizance with his father as surety to pay the sentence of the court. Default having been made in the payments as provided in the recognizances, separate suits were brought against the recognizors upon each recognizance. Thomas J. Miller, the surety, filed affidavits of defence. We have, then, two cases which are controlled by the same legal principles and can for that reason be disposed of together.

It is alleged that the affidavits of defence are insufficient to prevent judgment. The ground of defence set up in the affidavits is, "that the said recognizance becoming burdensome to your deponent (defendant), he produced the body of the said Thomas B. Miller before the Court of Quarter Sessions of Union county, and by his petition to the said court setting forth the facts as aforesaid offered to surrender the said Thomas B. Miller into custody for the purpose of relieving him of his recognizance ; that the said court declined to permit the petition to be heard and declined to permit your deponent to surrender the said Thomas B. Miller into custody in relief of his recognizance, but held that the recognizance could not be discharged in any other way than by payment of the same ; and your deponent averring that he will prove on the trial the offer and refusal of the surrender of the principal into custody, as above set forth, says it works a discharge of your deponent from the recognizances set forth in plaintiff's statements."

In motions like the present we are to assume that the defendant can and will prove at the trial all the facts set up in the affidavit; nevertheless, it may be permitted us in our own vindication to say that the allegation that the court declined to permit the petition to be heard is a mistake, as the records of the Quarter Sessions fully attest. The record shows that no petition was presented, but a paper was read and handed up to the court which reads thus :

"And now, Sept. 21, 1887, T. J. Miller bail in the sum of two hundred dollars for the compliance by Thomas B. Miller, the

defendant in the above cause, with the sentence of the court in said case imposed, moves the court to direct the prothonotary to issue to him a bail piece to arrest, detain and surrender the said Thomas B. Miller, according to the act of assembly in such case made and provided." Indorsed: " Eo Die, the court refuses the application; to which T. J. Miller excepts, and bill sealed at his instance." Our only apology for this digression is to relieve ourselves of the imputation that we refused to hear the petition.

We come now to consider the merits of the affidavits stripped of all verbiage. The affidavit sets up as a ground of defence that defendant became surety for Thomas B. Miller, who had been ordered to pay a stipend to his wife, whom he had deserted, and that, having paid a portion of the stipend which by his recognizance he agreed to do, he became weary of paying more, and that his offer to surrender his principal to jail was a satisfaction of the recognizance. If recognizances entered into in desertion cases can be satisfied and paid in this way, there would be no advantage in taking them, other than to enable the principal debtor and his surety to select the most fitting season of the year for the former to serve his time in jail. The defendant was not bound to enter into the recognizances. He did it voluntarily and by the very terms of the obligation he could only absolve himself by payment and not by the surrender of the body of his principal to the common jail. In Commonwealth v. Gaul, 2 Wood. Dec. 70, it is said: " It was the manifest purpose of the criminal procedure act of March 31, 1860, to give the surety of the defendant in a criminal prosecution the right to a bail piece only while the original complaint was pending and undetermined, and before a final liability on the part of the surety had been incurred." Such a bail piece was held to be a sufficient warrant or authority for the proper sheriff or jailer to receive the said principal and have him forthcoming to answer the matter or matters alleged against him. It was also held in Directors of the Poor v. Dungan, 64 Pa. 402, that the surety of a party sentenced for bastardy could not absolve himself from liability save by payment. Commonwealth v. Jones, 90 Pa. 432, does not sustain the contention of the defendant. It simply decides that the Quarter Sessions has power to modify orders

and decrees in desertion cases, and that such action cannot be reviewed in the Supreme Court. To the same effect is Philadelphia City v. Owens, 12 W. N. 292. If we give to these cases their full force and effect it will not aid the defendant. We know of no statute or rule of law which requires the court, at the instance of a surety in a desertion case, to accept the body of the defendant in satisfaction of the recognizance. If there be such statute or rule, it looks to us that application must be made in the Sessions, and if refused there it must stand until reversed in the Supreme Court. Reversal cannot be had by overhauling in the Common Pleas the decree made in the Sessions, as is attempted here. The affidavits disclose no ground of defence and the rules must be made absolute.

Judgments having been entered against the defendant (in what form or in how much did not appear in the paper books), the defendant took these writs, assigning for error:

1. The Court of Common Pleas had no jurisdiction in the cases, as the recognizances had not been forfeited.

2. The court erred in making the rules for judgment for want of sufficient affidavits of defence absolute.

*Mr. Andrew H. Dill* (with him *Mr. E. M. Beale*), for the plaintiff in error.

*Mr. J. Merrill Linn* (with him *Mr. J. F. Duncan*), for the defendant in error.

PER CURIAM:

The judgment in each of the above cases is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.