# Commonwealth of Pennsylvania *v.* Nugent, Appellant.

*Husband and wife—Support—Order of Support—Amount.*
An order of the court, directing that the respondent pay the sum of $25 per week out of his salary of $200 per month, for the support of his wife and children, is excessive, where the husband is also paying the rent of an apartment, which they occupied.

In such case, the order will be reduced to $15 per week.

Argued March 10, 1925.   Appeal, No. 174, April T., 1924, by defendant, from order of the County Court of Allegheny County, No. 1563, 1924, in the case of Commonwealth of Pennsylvania, Mrs. Marie Nugent v. Hunter Nugent.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Modified.

Proceedings for desertion and nonsupport.   Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed that the respondent pay the sum of $25 per week for the support of his wife and children, and enter his own recognizance in the sum of $2,500. Respondent appealed.

*Error assigned* was, among others, the decree of the court.

*Joseph I. Winslow*, for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., May 6, 1925:

The parties were married in 1908 and have two children, a son and a daughter, who are now sixteen and fourteen years of age, respectively.   In June, 1922, after

a disagreement, the defendant, without notice to his wife and apparently without any justification, left her and the two children. He provided for them until the 10th of June, 1924. After that he ceased to contribute any substantial amount to their support. He did, however, pay the rent, light and heat of the apartment in which they were living. About the first of September, 1924, the defendant rented an apartment and directed his wife to go there, he having furnished it. When the wife went to the place she was confronted with the fact that he intended to occupy the apartment with them and he had already established himself therein without giving her any notice of his intentions so to do. She refused to live with him, but continued to occupy the apartment. They never spoke to each other except upon one occasion and did not sustain any relations. The lower court in its opinion states that at the first hearing the husband was directed to pay $25 per week for the support of the wife and children and, to provide a home for them, and to leave the premises to her alone. He consented to these terms but failed to comply with them. His income is $200 per month. The prosecutrix is earning a salary of $25 per week. We quote from the opinion of the lower court: "The outstanding element of discord in the family, excepting only the husband's abrupt desertion of the prosecutrix, is his persistent attempt now after an uninterrupted absence of years, during which time the husband and wife were and are not now even on speaking terms, without warning or preliminary steps of any kind, to force his companionship and presence upon the wife and family. This the wife resents, and we think not without cause. She cannot overlook the unexplained, without excuse, apology or regret, personal neglect of the defendant during the past years." The position presented is rather anomalous. The court has no right to order this husband to leave the apartment which he had furnished and which he has a right to occupy. We are not, however, in a position to reverse the court on this

question as the decree assigned for error contains no reference to the subject of the husband's leaving the premises. We feel, however, that the failure of the defendant to follow the directions of the court to leave the premises although not included in the order may have influenced the court in making the order as to the sum to be paid for support. The basis of the present proceeding is not his desertion of his wife for it can hardly be said, at least as far as the solution of the present case is concerned, that he is in the position of having deserted her, for he lives in the same house with her. The basis of the action is the failure to support. This court stated in Carey v. Carey, 25 Pa. Superior Ct. 223, 224, that under the Act of April 13, 1867, P. L. 78: "There must necessarily arise under this statute two classes of cases, one in which the husband separates himself from his wife, deserting her and taking up his own abode elsewhere, and second, the other where the husband neglects to maintain his wife, although he may still continue to reside under the same roof with her." Conceding that the husband's income is $200 a month, the sum of $25 per week for the support of his wife and children is too large providing the other payments voluntarily made by him continue. We think under the circumstances the sum of $15 per week for the support of defendant's wife and children is sufficient.

The order of court entered December 31, 1924, is modified in that the sum to be paid weekly is fixed at $15 instead of $25.