From William A. Wilcox, Scranton, Pa.

---

## Commonwealth v. Morrow.

*Support—Order on father—Bond—Surety—Release by surrender of principal.*

1. A surety on the recognizance of a defendant on whom an order has been made for the support of his children cannot be released from liability merely because he offers to surrender the principal.

2. The obligation, in such case, is to pay, not to pay or surrender the principal, and can be discharged only by payment, unless some sufficient excuse be shown.

Petition by surety to be discharged from recognizance on surrender of principal. Q. S. Greene Co., Sept. Sess., 1926, No. 5.

*O. R. Hughes,* for Commonwealth; *W. I. Murdock,* for defendant.

SAYERS, P. J., May 16, 1927.—The petition of Randolph Scott, surety on the recognizance or bail-bond of Wilfred Morrow, the defendant, sets out, *inter alia,* that Wilfred Morrow, on Aug. 23, 1926, was sentenced to pay to his wife, Alice Morrow, the sum of $3 per week, each, for the support of his four minor children, Fred Morrow, Paul Morrow, Raymond Morrow and Donald Morrow, until further order of the court, and the defendant was directed to enter into a recognizance in the sum of $400, and was committed to the county jail until he complied with the order of said court.

On the same day, Wilfred Morrow, as principal, and petitioner as surety, entered in a recognizance, or gave bail in the sum of $400, conditioned that defendant would comply with the order of court for the maintenance and support of his four children. The petitioner states that he entered into a recognizance at the instance of John Morrow, the father of the defendant, who agreed to and has paid all the money that has been paid pursuant to said order of court, and that the said John Morrow is no longer able to pay the weekly allowance and has requested the petitioner to surrender the body of Wilfred Morrow and seek to be exonerated from all further liability on said recognizance.

The petitioner prays that he may be permitted to surrender the body of Wilfred Morrow to the sheriff of the court upon the payment of all arrears to date and be thereafter exonerated from all further liability on said recognizance. John Morrow, father of the defendant, has joined in said petition.

Commonwealth v. Morrow.

On presentation of this petition, a rule was granted on the Commonwealth to show cause why the petitioner should not be permitted to surrender the defendant and be thereafter exonerated from liability on said recognizance. Service of this rule was accepted. No answer was filed by the district attorney.

Alice Morrow, wife of the defendant and mother of the four children above named, filed the following paper at the argument of the rule in this case: "I, Alice Morrow, wife of Wilfred Morrow and mother of Fred Morrow, Paul Morrow, Raymond Morrow and Donald Morrow, hereby accept notice of the petition filed by Randolph Scott, to be permitted to surrender the body of Wilfred Morrow to the sheriff of said county, and be thereafter exonerated from all further liability on the recognizance entered into by the said Wilfred Morrow and the said Randolph Scott, and filed in this court on August 23, 1926, and waive any other or further notice of the same. I have no objections to the court releasing the said Randolph Scott from any further liability on said recognizance, upon the payment of all arrearages to date."

She subsequently filed with the court, on May 7, 1927, a writing, wherein she sets forth, under oath, that she signed the foregoing paper "without, in fact, being fully aware of the legal effect of such release, and that, after careful consideration and further advice concerning the matter, she wishes to withhold and revoke the consent then given, and to state that she is unwilling that the said surety be released from liability on said recognizance, except by due legal process."

At the arguments, briefs were presented by the Commonwealth and on behalf of the petitioner.

In support of the petition in this case, counsel for petitioner has referred the court to the cases of Com. v. Jones, 90 Pa. 431, and Com. v. Wickert, 14 Dist. R. 674, and Philadelphia v. Owens, 12 W. N. C. 292, which decide that it is within the discretionary power of the Court of Quarter Sessions to modify orders in desertion cases, increase or diminish allowance from time to time, and, upon sufficient reasons, to revoke an order of support altogether. It is held in the last-recited cases that the whole matter was within the discretion of the Court of Quarter Sessions, and that any order by said court is presumed to have been made for sufficient reasons, and is not subject to review in any appellate court. Without question, it has been held that the court can relieve the defendant and his surety in a proper case: Com. v. Fields, 5 Del. Co. Repr. 294; Com. v. Harris, 25 Dist. R. 614.

This court, in order to settle the question in its own mind, has examined substantially all the reported cases.

While, in the case of Com. v. Jones, 90 Pa. 431, it is held that it is discretionary with the court to release bail in such cases, we find, in the latter part of the second paragraph of the syllabus, that 'it must be presumed there was sufficient reason therefor;' late cases hold that the surety on the recognizance of a defendant convicted of desertion cannot be absolved from liability by an offer to surrender the body of the principal.

"The surety on the recognizance of a defendant convicted of desertion, conditioned that defendant will pay a weekly sum for the support of his wife, cannot be absolved from liability by an offer to surrender the body of the principal; the obligation of the recognizance is voluntary and can be discharged only by payment according to its terms:" Miller v. Com., 127 Pa. 122.

In the case last mentioned, Bucher, P. J., of Union County, in an opinion which was later affirmed by the Supreme Court, says:

"The ground of defence set up in the affidavits is that said recognizance becoming burdensome to your deponent (defendant), he produced the body of

the said Thomas B. Miller before the Court of Quarter Sessions of Union County, and by his petition to said court, setting forth the facts as aforesaid, offered to surrender the said Thomas B. Miller into custody for the purpose of relieving him of his recognizance; that said court declined to permit the petition to be heard, and declined to permit your deponent to surrender the said Thomas B. Miller into custody in relief of his recognizance, but held the recognizance could not be discharged in any other way than by payment of the same. . . .

"If recognizances entered into in desertion cases can be satisfied and paid in this way, there would be no advantage in taking them, other than to enable the principal debtor and his surety to select the most fitting season of the year for the former to serve his time in jail. The defendant was not bound to enter into the recognizances. He did it voluntarily, and by the very terms of the obligation he could only absolve himself by payment and not by the surrender of the body of his principal to the common jail."

In this same case, Bucher, P. J., considers the very cases cited by counsel for the petitioner in the instant case, and says they are not controlling, and particularly does he mention Com. v. Jones, 90 Pa. 431, and Philadelphia v. Owens, 12 W. N. C. 292, which have been cited to the court as controlling.

In the case of Com. v. Wickert, 14 Dist. R. 674, cited by defendant, which was a proceeding similar to this, in which the petitioner asked permission to surrender his principal, and, upon payment of arrearages to date, be discharged from the obligation, it will be observed that while the court asserted that it had the power, in the exercise of its discretion, if some meritorious cause be shown, to permit the bail to do so, it was not done, even in that case, the court saying: "But in determining whether such discretion should be exercised in any case as long as the order for allowance itself is not revoked, it must certainly be shown that the condition of the complainant in the original prosecution is not prejudiced, without some act of her own to forfeit the security taken, or that by surrender of the principal she is placed in the same position she would have occupied at the time of the original sentence, if the petitioner for discharge had not then been bound in the recognizance. Some equitable reason for interposition should be disclosed. It is asserted only that there was an arrangement between the petitioner and the other surety which had not been completed by the latter, and his obligation remains unfulfilled. But if he relied upon that promise, without participation in it, or knowledge by the complainant, and now either he must pay the allowance or she must lose it, the present application does not seem to call for intervention." (Rule discharged.)

The complainant could not be placed in the same position that she occupied before the recognizance was given. Then there was the presumption, or the probability, at least, that the defendant would pay the allowance ordered by the court. Now, his default has seemingly proved otherwise. Then other bail might have been procured who would have seen to it that the defendant made his payments regularly. Now, securing other bail will be a more difficult matter.

In the case of Com. ex rel. Fraelich v. Sherman, 11 York Legal Rec. 176, which was a suit on the bond against the surety, the court, after quoting at length from Miller v. Com., 127 Pa. 122, says: "We, therefore, make the rule absolute, and enter judgment against the defendant for the sum of $300, the amount stated in the bond."

Another case in point is that of Com. v. Duke, 18 Dist. R. 445: "The surety on the recognizance of a defendant convicted of desertion, conditioned that the

Commonwealth v. Morrow.

defendant will pay a weekly sum for the support of his wife, will not be discharged from liability without payment on the arrest of the principal on attachment."

In this case, Landis, P. J., of Lancaster County, after citing some of the above authorities, concludes his opinion as follows:

" 'The obligation of the recognizance is voluntary, and can be discharged only by payment according to its terms.' In Com. v. Sherman, 15 Lanc. Law Rev. 43, this court took the same view. In Com. v. Klingenberg, 10 Del. Co. Reps. 163, it was held that 'a surety for a man who has been ordered by the court to pay a weekly sum for the support of his child will not be relieved from his recognizance where it appears that he had not been required to pay anything, notwithstanding the defendant has been surrendered.'

"As, therefore, we see no good ground for the revocation of the original order, we are of the opinion that this rule should be discharged."

There is little, if any, merit in the reasons advanced by the petitioner to secure his release from liability under the said recognizance. He had every opportunity to become acquainted with the facts before becoming surety in this case. We attach little importance to the widow's release under the circumstances. She is not empowered to act for her infant children in the premises. The children are the interested parties and after them the Commonwealth is interested in their welfare and in seeing that the father makes a just provision for the same.

Every husband owes a duty to his wife and children, and to the Commonwealth as well. A wife who is not at fault and his children are entitled to be supported at his hands, in so far as he is able. To release a surety upon request only encourages delinquency on the part of defendant. While a wife may be willing to release the surety on a recognizance, children who are not able to consent have certain rights that should not be overlooked, and while, as a general principle, one man should not be compelled to pay for the default or delinquency of another, he must know that when he becomes surety for a defendant in a proceeding of this kind, he will be expected to pay if the principal defaults or fails to carry out the sentence or order of court.

The court would relieve the petitioner if there was any merit in his contention. The matter of bail and recognizances merits the court's most respectful consideration, and laxity in respect thereof has interfered more with the prosecution of criminal and quasi-criminal matters than any other single item that has come to the court's attention.

In closing, we call attention to the very recent case of Com. v. Sides, 28 Dauphin Co. Reps. 62, wherein Judge Wickersham decided that the surety on a recognizance in a non-support case, given by the defendant to comply with the order of court for the support of his minor children, cannot be relieved of responsibility by surrendering the defendant into the custody of the court. The following from his opinion is wholly applicable to this case:

"The recognizance is given for the compliance with the order. The obligation of the petitioner was not in the alternative that he would pay the amount as ordered by the court for the support of the children or deliver the defendant. He expressly undertook to make the payment and nothing else; his liability would not be satisfied by delivering the defendant into the custody of the court. Without going any further into the matter, we think this case is clearly ruled by the case of Miller v. Com., 127 Pa. 122. . . .

"Wherefore, we are of the opinion that the rule must be discharged."

Order.—And now, May 16, 1927, rule discharged, at the cost of the petitioner.

From S. M. Williamson, Waynesburg, Pa.