# Commonwealth ex rel. Stimer *v*. Stimer, Appellant.

*Husband and wife—Order of support—Parties living in same house.*

An order requiring a husband to contribute to the support of his wife is proper, although both parties were living in the same house when the order was made.

*Appeals—Time of taking—Quashing.*

An appeal taken more than three months after the final order was made will be quashed upon motion of the appellee.

Argued December 6, 1927.   Appeal No. 376, October T., 1927, by defendant from order of the M. C. Philadelphia County, February T., 1927, No. 268, in the case of Commonwealth ex rel. Elsie M. Stimer v. J. Howard Stimer.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Appeal quashed.

Proceedings for maintenance.   Before BROWN, J.

The opinion of the Superior Court states the case.

The court directed the respondent to pay the sum of fifty dollars per week.   Respondent appealed.

*Error assigned,* among others, was the order of the Court.

*Rose and Fischer,* for appellant.

No appearance and no printed brief for appellee.

PER CURIAM, December 16, 1927:

A husband appeals from an order requiring him to contribute to the support of his wife.   He asserts that the court was without jurisdiction because both parties were living in the same house when complaint was filed and when the order was made.   The law is otherwise: Com. v. Nugent, 85 Pa. Superior Ct. 147, 149. The Commonwealth moved to quash the appeal on the ground that it was not taken in time.   The order was made February 4, 1927, and the appeal was not taken until November 14, 1927; as the statute requires appeals to be taken within three months, we must grant the motion to quash.

Appeal quashed.