Commonwealth *v.* Lowenstein, Appellant.

Argued October 7, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William A. Gray,* for appellant.—The court exceeded its jurisdiction in making the orders for support: Keller v. Commonwealth, 71 Pa. 413; Commonwealth v. McMaster, 88 Pa. 37.

*Charles Townley Larzelere,* and with him *Frank X. Renninger,* District Attorney, for appellee, cited: Carey v. Carey, 25 Pa. Superior Ct. 223; Bell et al. v. Bell, 287 Pa. 269; Commonwealth ex rel. DiGiacomo v. Heston, 292 Pa. 63; People v. Kelly, 24 N. Y. 74.

OPINION BY KELLER, J., December 12, 1929:

This is an appeal from the judgment of the Court of Quarter Sessions of Montgomery County committing appellant to the Montgomery County prison for contempt in failing to pay money for the support of his wife, as directed by the court, based on an order entered September 15, 1923.

Appellant attacks the validity of the original order. It was entered when appellant and his wife were living together in a house owned and furnished by him, and was in the following form: "And now, September 15, 1923, this case having been called for further hearing, in pursuance of the understanding entered into at the original hearing, it is agreed by counsel, at bar, in the presence and within the hearing of their clients, that the defendant shall maintain the home as heretofore, and perform his general duty of supporting his wife, and, that in addition thereto he shall, from and after this date, weekly pay to her the sum of twenty-five dollars for her exclusive use, in the nature of pin money and to defray the cost of her wearing apparel or clothing, and allow her the use of the telephone for long distance or toll calls to the extent of four dollars per month, which, with the regular contract rate, he shall pay. If these extra territorial calls exceed four dollars in any one month, then the wife is to pay the excess out of her allowance of twenty-five dollars above-mentioned; and that the defendant shall pay the costs of this proceeding." Appellant complied with the order for about three years. He now contends that, although the order was entered pursuant to his agreement in open court, it cannot be enforced against him as to

any amount over and above the sum of $25 per week awarded his wife for her clothing and pin money; that as to any further requirement in respect to maintaining the common home and supporting his wife, the order is invalid and unenforceable, and cannot support a commitment for contempt in failing to obey it.

This court said in Carey v. Carey, 25 Pa. Superior Ct. 223, 224, in referring to the Act of April 13, 1867, P. L. 78, under which the original proceeding in this case was brought, "The facts upon which the exercise of this jurisdiction is, by the statute, made dependent are, that the husband 'shall separate himself from his wife, or from his children, without reasonable cause, or shall neglect to maintain his wife or children.' There must necessarily arise under this statute two classes of cases, one in which the husband separates himself from his wife, deserting her and taking up his own abode elsewhere, and second, the other where the husband neglects to maintain his wife, although he may still continue to reside under the same roof with her. A husband possessed of property, or having the opportunity and ability to work, who neglects to maintain his wife and children is liable to prosecution under this statute, although he may never have withdrawn from the common home." This language was reiterated in Com. v. Dilks, 45 Pa. Superior Ct. 339, 342.

It is apparent that an order made by the court for the maintenance and support of a wife, where she and her husband are living together in his house, sustaining the family relation, must differ in character from such an order made against a husband who has deserted his wife and is not living with her. It is ordinarily desirable that the family relation be kept up and, where the parties are willing to do so, such willingness can be recognized in the order. It is not necessary that the court should order the husband to pay

his wife a sum sufficient to keep and maintain the common home, thus taking out of his hands and placing into hers the conduct and management of their joint living expenses; it can as a part of its order direct the husband, where he and his wife are willing to live together in the family relation, to maintain the common home and supply the necessary food and shelter incident thereto. We have several times recognized a somewhat similar situation and upheld orders that embraced more than a mere weekly or monthly money payment. In Com. v. Nugent, 85 Pa. Superior Ct. 147, while we decreased the weekly amount which the county court ordered the husband to pay his wife, we did not declare that part of the order which directed him to provide a home for his wife and children to be invalid. In Com. v. Knobloch, 89 Pa. Superior Ct. 216, we upheld an order of the court below which took into account the fact that the wife occupied the dwelling house held in entireties by her and her husband, she paying "all the maintenance charges of the property including taxes and repairs thereon." In Com. v. Sherritt, 83 Pa. Superior Ct. 301, the order of the court below, as well as of this court, took into consideration the fact that the wife was occupying the husband's house. In all such cases the order, in its effect, requires the husband to lay out money or make expenditures for the support of his wife, in the nature of a weekly or monthly payment, and not by way of a lump or capital sum, which was held invalid in Com. v. Berardino, 96 Pa. Superior Ct. 288.

But it follows that an order of this unusual nature and character can only remain in force, as respects the direction to maintain the home and support the wife therein, as long as the parties are living together in the home. The court cannot require them to live together, and if the family relation on which the order was predicated is broken, the order, as respects the

common home, is no longer applicable, and the wife should thereupon apply for a modification of the order, based on the new condition of an absent or deserting husband, in which her maintenance and support are provided for by a weekly or monthly money payment.

In the present case the learned court below was most careful and painstaking in considering and segregating the items for which the defendant was chargeable under the order of September 15, 1923. In only one respect are we unable to sustain its action. As finally entered the order contains items aggregating $218.15 which were incurred subsequent to April 28, 1928, the date when the evidence on both sides shows that the defendant left the common home, after his wife had refused to move into a smaller and less expensive house. The order of September 15, 1923, will not cover expenditures incurred in the maintenance of the house as the wife's separate home. Her course thereafter was to apply for a change in the order to meet the changed condition. We are obliged to give this matter consideration because the order of September 15, 1923, being general in its terms, the contempt with which the appellant is chargeable is really directed to the order of the court of March 1, 1929, confirmed on June 7, 1929, fixing the amount payable under the original order, and if it included items incurred after that order became non-effective, the judgment should be reviewed and modified as being to that extent in excess of the lower court's authority: Palmer v. Central Board of Education, 40 Pa. Superior Ct. 203, 210; In re Myers & Brei, 83 Pa. Superior Ct. 383, 387; Messmore's Estate, 293 Pa. 63, 72, 73; Com. v. Perkins, 124 Pa. 36, 51; Newhouse v. Com., 5 Wh. 82, 84.

The order of the court below is accordingly modified by reducing the amount, for refusing to pay which the defendant is in contempt, from $1,941.98 to $1,723.83, and as so modified the judgment is affirmed; appellant to pay the costs.