## Commonwealth v. Miller et al.

[redacted]

*Richard H. Klein*, for Commonwealth; *H. F. Bonno*, for defendant.

MORGANROTH, P. J., September 5, 1933.—On complaint of Leona Miller, the Court of Quarter Sessions of Northumberland County on April 13, 1931, made an order against H. Lee Miller, her husband, directing him to make monthly payments for the support of his wife and children, and John W. Meenahan became surety for the payment of the said order. Payments being in default, the order was certified to the court of common pleas, and a sci. fa. was issued on the bond given by the surety. An answer was filed and testimony taken.

It is the contention of the surety that on September 28, 1931, he surrendered the body of the defendant to the court, and on that day the husband and wife resumed the marital relations, and the order of court was thereby abrogated. It is further contended by the surety that his obligation ceases because the wife agreed that if the relation of husband and wife were resumed she would waive all rights to payments due under the order, and would claim no more payments in the future.

The surrender of the defendant by his surety in such a case as we are here considering will not discharge his liability on his bond: Miller v. Commonwealth, 127 Pa. 122; Commonwealth ex rel. v. Keller, 25 Dist. R. 171; Commonwealth v. Schoelkopf, 7 Berks 11; Commonwealth, to use, v. Finn et al., 27 Dist. R. 32. The testimony of the defendant himself reveals, however, that his surety did not surrender him. He says that when he appeared before the court he was told he would have to produce another bond, and that he should make arrangements with the sheriff. He went to see the sheriff and there talked with his wife, met her the next evening in her attorney's office, and went again to live with her at her home.

The defendant further testified that there was an understanding between himself and his wife that no claim for payment of arrearages would be made because of the reconciliation. But the fact that the husband returned to his wife would not terminate the proceedings in the court of quarter sessions, nor vacate the order there made: Commonwealth, to use, v. Kenney et al., 60 Pitts. 678. The only effect of the parties living together where an order of support has been made is that such cohabitation may change the amount of the order: Commonwealth v. Lowenstein, 97 Pa. Superior Ct. 424.

The only other question which presents itself is whether the husband and wife could agree to a waiver of the default of payments for support. Such an agreement is not conclusively proven. Although the husband contended the wife agreed that the arrearages be discharged upon the temporary reconciliation,

the wife testified there was no such agreement arrived at; that the arrearages were not mentioned during the conversations which led up to the resumption of the marital relation. Moreover, we are of opinion that the husband and wife cannot agree to a waiver of the default of payment for support where the interests of children are involved.

At the hearing, it was agreed that the sum of $82, claimed as arrearages, was not paid; so that the controversy here does not touch the amount claimed, but rather the liability of the surety for the payment thereof. In the light of the above discussion, we are of opinion that the surety has not been relieved of his obligation, and judgment in the sum of $82 is herewith entered in favor of the plaintiff and against John W. Meenahan, surety, for want of a sufficient answer.

From C. M. Clement, Sunbury, Pa.