Commonwealth, to use, Appellant, *v.* Clark et al.

Argued May 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Marquis M. Smith,* with him *Richard D. Laird,* District Attorney, and *George H. McWherter,* Assistant District Attorney, for appellant.

*Fred. B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellee.

OPINION BY PARKER, J., September 30, 1936:

A court of quarter sessions in an action for desertion

and non-support sentenced the defendant, Thomas C. Clark, to pay to his wife the sum of $25 per month for the support of herself and children and to enter into a bond with approved security in the sum of $750, the defendant to stand committed until he complied with the sentence. The defendant furnished the bond with P. L. Bruce as surety. About two months later, on June 8, 1932, Clark being in default in the payments to his wife surrendered himself and was committed to the Allegheny County Workhouse. After serving about six months he presented to the court a petition for his release alleging that he was unable to furnish a bond and stating that if released he would secure employment and comply with the previous order. Two days later the court directed his release but defendant still failed to comply with the original order of support.

The surety, P. L. Bruce, on May 24, 1933, after an attempt was made to collect on the bond, petitioned the court for his release as surety, alleging that in the previous June he had surrendered the defendant who was thereafter confined in jail and asked for his release as bondsman. The court made an order "that the said P. L. Bruce be and is hereby relieved from any liability of and from December 22, 1932, the date Thomas C. Clark was released from the Workhouse on his own recognizance." From that order this appeal was taken. We are all of the opinion that the court below was without authority to make the order as to which complaint is made.

The bond in question recited the support order and its condition was that "Thomas Clark shall well and faithfully comply with the said order and decree." While it is true that the support order was for an indefinite period and was subject to change for cause by the court from time to time, the provision requiring Clark to pay his wife the sum of $25 per month has not been altered and still remains as originally made. In

addition nothing has been done to the prejudice of the bondsman.

But the appellee contends that he was entitled to release upon surrendering the body of the defendant for imprisonment. There is not any merit in this contention for the imprisonment was but an additional remedy intended to enforce compliance with the original order. The right of a bondsman to secure a release from liability by a surrender of his principal is confined to those cases where the bond is given for the purpose of forcing the appearance of a defendant and has no application where judgment has been entered.

Much the same situation was presented in the case of *Miller v. Com.*, 127 Pa. 122, 124, 17 A. 864, where an order was affirmed on the opinion of the lower court. It was there said: "If recognizances entered into in desertion cases can be satisfied and paid in this way [by surrender of the principal], there would be no advantage in taking them, other than to enable the principal debtor and his surety to select the most fitting season of the year for the former to serve his time in jail. The defendant was not bound to enter into the recognizances. He did it voluntarily and by the very terms of the obligation he could only absolve himself by payment and not by the surrender of the body of his principal to the common jail." Just so in the present case, Bruce became surety for the compliance by the defendant with the order made and such bond could only be discharged by a payment of the principal sum or a change in the order for support.

The order of the court below is reversed.