## Commonwealth v. Ettinger

*Stanley V. Printz*, for Commonwealth.

*William N. Kanehann, Jr.*, for defendant.

KOCH, J., March 26, 1956.—A rule was issued by this court on petition of Charles W. Ettinger and Marjorie Ettinger to show cause why they should not be released from a compliance bond filed in the above nonsupport proceeding. Depositions were taken and in pursuance of argument the matter is before us for disposition.

The record facts reveal that on May 13, 1952, a temporary order was entered directing defendant to pay the sum of $10 per week for the support of his wife and child. The order of court further provided that defendant enter approved bail in the sum of $750 to assure compliance. Petitioners, parents of defendant, entered the bond. On September 15, 1953, the order was reduced to $8 per week and was applicable to the support of the minor child only, a decree in divorce a. v. m. having been entered in this county on October 14, 1952.

The depositions reveal that on June 5, 1955, de-

fendant entered the armed forces, having enlisted for a six-year period. Both the despositions and records of the probation office indicate that a pay allotment, based on the order of support, in the amount of $34.66 per month is being received monthly. It also appears that there are arrearages as of this date in the amount of $152.02 due to a confusion in mailing addresses.

Petitioners request relief "for the greater liquidation or ease of the liquidation of our property". They also advance the argument that because of the armed services pay allotment, there is little likelihood of a default.

It would appear that the court has discretionary power under these circumstances. The Supreme Court in the case of Commonwealth v. Jones, 90 Pa. 431, held that it was within the recognized power of the court of quarter sessions to discharge the surety in support cases under the Act of April 13, 1867, P. L. 78.* It was there indicated that the discretion could be exercised to suit changed circumstances of the parties and the fact that the Commonwealth had not been injured was emphasized. There are no additional appellate court cases discussing this discretionary power of the court. The case of Miller v. Commonwealth, 127 Pa. 122, cited by counsel for the Commonwealth, does not question the *power* of the court of quarter sessions in this type of case. In a per curiam opinion it merely affirmed the judgment of the lower court in refusing to relieve the surety of his obligation. We are of the opinion that the Act of June 19, 1939, P. L. 440, sec. 1, 17 PS §263, likewise vests this discretionary power in the court. That statute provides that "Any order . . . for the support of a wife, child or parent,

---

* The present Support Law, September 26, 1951, P. L. 1494, 18 PS §4733, is a consolidation of the Act of 1867, P. L. 78.

may be altered, repealed, suspended, increased, or amended, . . .".

That petitioners wish to be relieved simply for the reason that they wish to enjoy greater liquidation of their real estate is not sufficient to urge the court to exercise its discretion and make the rule absolute. However, the fact that since the order was imposed, defendant entered the armed services and is making a compulsory pay allotment is, we believe, a changed circumstance which moves us to make the rule absolute. It is entirely likely that had defendant been in the armed services at the time the order was imposed, the court would have accepted his own recognizance on the basis of a serviceman's pay allotment. Our experience in the domestic relations court has been that where this type of pay allotment has been made, there is little difficulty with enforcement.

We recognize also that defendant's period of enlistment will not expire until 1961. Should defendant at that time fail to reenlist and not comply with the order, there are several adequate remedies among which is the Uniform Support Law of June 24, 1937, P. L. 2045, relating to interstate enforcement of duty to support.

Under all of the circumstances the request of petitioners is not unreasonable and we accordingly enter the following

### Order

And now, to wit, March 26, 1956, the rule heretofore granted is made absolute and the sureties are discharged from the compliance bond heretofore executed provided all arrearages are paid into the probation office, and that defendant, Robert K. Ettinger, enter into his own recognizance in the sum of $750 to comply with the order entered on September 15, 1953.