## Commonwealth of Pennsylvania ex rel. Lucretia De-Burt *v.* Harry De Burt and R. L. Miller, Appellant.

*Practice, C. P.—Decree of maintenance not collaterally to be impeached.* A decree of maintenance, issued by the quarter sessions, cannot be reformed or modified in an action by sci. fa. on the recognizance brought in the common pleas. If changed conditions justify modification application therefor must be made properly in the quarter sessions.

*Judgment sur recognizance—How to be entered.*

Judgment on a recognizance given for maintenance is properly entered thereon for the full amount in favor of the commonwealth with leave to the relatrix to take out execution for the sum actually due under the decree of court.

Argued March 11, 1898. Appeal, No. 56, March T., 1898, by R. L. Miller, from judgment of C. P. Lebanon Co., for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, SMITH and PORTER, JJ. Affirmed.

Scire facias sur recognizance. Before EHRGOOD, P. J.

It appears from the record and affidavit of defense that Harry

De Burt was convicted of desertion before the court of quarter sessions in Lebanon county and ordered to pay to his wife for the support of herself and children the sum of $3.00 per week and entered into a recognizance in the sum of $100 for the faithful compliance with the terms of the order of court. The appellant, Robert L. Miller, became surety on said recognizance and defendant was discharged and returned to Philadelphia. Before suit was brought certain payments were made by the defendant, De Burt, and certain others were advanced by the appellant, Miller, amounting in all to some $30.00. Finally the surety refused to pay any more and the scire facias was issued to collect the amount of the recognizance and nihil habet was returned as to Harry De Burt.

, The surety filed an affidavit of defense in which he raised several questions of fact and law and claimed that the children for which the weekly allowance was intended were no longer in the custody of the mother but were kept by charitably disposed persons and that therefore, the conditions having changed, the court should remit part of the amount by making such order in the case as would be warranted by the facts which would be proved upon the trial of the case; that he had paid the sum of $30.00 to the wife of the defendant out of his own pocket and that credit should be allowed him on the principal of the recognizance, for the amount actually paid by him.

The court below filed the following opinion :

Harry De Burt, one of the above named defendants, was the defendant in a desertion case, in which his wife, the relator, was the complainant and was held in a recognizance in the sum of $100, with Robert L. Miller, the other above named defendant, as his surety, conditioned for the payment of a weekly allowance of $3.00 to his said wife and children. The defendant having neglected to pay said weekly allowance, a scire facias was issued on said recognizance and we are now asked to enter judgment for want of a sufficient affidavit of defense.

The order of the court, as to the maintenance of the wife and children, as recorded by the clerk of the quarter sessions, who also took the recognizance, cannot be attacked collaterally in the manner in which it is attempted in this case.

All payments made by the surety, prior to the bringing of the

suit, were in compliance with the conditions of the recognizance, and no suit could have been brought on the same until a default of payment occurred. The recognizance is a continuing security, which is not lessened by the weekly payments, made in compliance with the conditions thereof, whether by the principal or the surety. But the surety after a breach of the condition of the recognizance and a sci. fa. issued thereon can not be compelled to pay more than the amount of the same.

The affidavit of defense is not sufficient to prevent judgment in favor of the commonwealth for the amount of the recognizance, and in favor of the relator for the sum due at the time of the bringing of this suit.

And now, January 8, 1898, judgment is directed to be entered in favor of the commonwealth for the sum of $100, and in favor of the relator, Lucretia De Burt, for the sum of $33.00. Judgment in both instances to be entered against Robert L. Miller alone.

Defendant Robert L. Miller appealed.

*Errors assigned* were (1) in declaring the affidavit of defense insufficient in law. (2) In not allowing credit for payments made by the surety prior to the issuing of the scire facias upon the recognizance and after default. (3) In not permitting the appellant to prove the amounts paid by him as surety before the suit was brought. (4) In entering judgment in favor of the relator and against the appellant for the sum of $33.00. (5) In entering judgment in favor of the commonwealth and the relator in the sum of $133 or $33.00 in excess of the amount of the recognizance.

. *W. D. Fisher*, for appellant.—Under the act of December 9, 1783, the quarter sessions and common pleas have concurrent jurisdiction to remit or moderate recognizances taken or forfeited in the quarter sessions: Com. v. Phillips, 8 Kulp, 230; Com. v. Fields, 5 Del. Co. 294.

The judgment as entered in this case is not in accordance with proper practice : Kiehl v. Com., 18 W. N. C. 505; Com. v. Seiders, 1 Dist. Rep. 264.

A surety can lawfully claim credit for payments made by him with his own money, prior to the time of the bringing of

the suit but after a weekly default upon a recognizance conditioned for the payment of money weekly: Smith v. Harry, 91 Pa. 119.

*B. M. Strouse*, with him *A. Frank Seltzer*, for appellee.

Opinion by Beaver, J., April 25, 1898:

No substantial defense is set forth in either of the affidavits of defense filed in this case. The question of the previous payment by the appellant to the relatrix, under and in pursuance of the obligation of his recognizance as he claims, will be considered, when the full sum of $100, less that amount, has been paid to her. He does not deny that the amount claimed by her as being due at the time the scire facias was issued upon the recognizance was in fact due.

If the decree of the court of quarter sessions should, in view of changed circumstances and conditions, be modified, the defendant can make his application for such modification in that court. The decree of maintenance cannot be reformed or modified in this action.

Whilst, strictly speaking, there may be some irregularity in the form in which the judgment in this case was entered, the effect of it will do the defendant no harm. As was said in Kiehl v. Com., 18 W. N. C. 505, a case in many respects similar to the one under consideration: " He can safely pay all that is due or may become due to the use plaintiff under the sentence of the court of quarter sessions, without fear of being required to pay any part thereof a second time. The court below will take care that he is not harmed, either in person or estate." The judgment was properly entered in favor of the commonwealth for the full amount of the recognizance. The decree does not in our opinion contemplate the entry of two distinct judgments in the scire facias issued upon the recognizance nor does the judgment, as claimed by appellant, amount to the sum of $133. What was doubtless intended by the court in entering judgment and the only practical effect which can be given to it, as entered, is as if judgment had been directed to be entered in favor of the commonwealth for the sum of $100, the amount of the recognizance, with leave to the relatrix, Lucretia De Burt, to take out execution for the sum of $33.00 due

her under the decree of the court in the proceedings in the court of quarter sessions in which the recognizance was taken The practical effect of the judgment is to give the relatrix the amount practically admitted to be due to her under the recognizance and, inasmuch as this amount does not, in connection with previous payments alleged by the defendant to have been made by him in discharge of his obligation under the recognizance, equal the sum of $100, he cannot suffer.

The judgment is affirmed.