## Commonwealth *v.* Bednarek, Appellant.

*Appeals—Certiorari—Order of support—Husband and wife— Evidence.*

An appeal from an order of the Municipal Court of Philadelphia County refusing to revoke an order of support, is in effect a certiorari and takes up the record only. The appellate court cannot consider the evidence.

Where the Court of Quarter Sessions makes an order on a father for the support of a child and subsequently the same court is petitioned to revoke the order on the ground that the minor child mentioned in the original order was not the child of petitioner, and the petition is dismissed, the matter is res adjudicata, and cannot be raised in a subsequent proceeding in the Municipal Court of Philadelphia County to revoke the order for the support of the child.

Argued Oct. 22, 1915.    Appeal, No. 302, Oct. T., 1914, by defendant, from order of Municipal Court, Philadelphia Co., February Sessions, 1914, No. 236, discharging rule to revoke order for support in case of Commonwealth v. Valentine Bednarek.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Rule to revoke order of support.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging the rule to revoke order of support.

*B. D. Oliensis,* for appellant.

*Charles Edwin Fox,* with him *Samuel P. Rotan,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

On October 19, 1910, the Court of Quarter Sessions of Philadelphia County, at a hearing at which all the parties in interest were present, made an order that Valentine Bednarek pay the sum of six dollars a week for the support of his wife, Veronica Bednarek, and his minor child, Elizabeth. The proceeding was instituted by the defendant's wife under the Act of 1867. On January 26, 1912, the defendant presented a petition to the Court of Quarter Sessions asking that the amount imposed by the court be reduced, which petition was refused. On November 25, 1913, a petition was presented to the Court of Quarter Sessions by the defendant for an order vacating the order of October 19, 1910. This petition was based on the fact that a divorce was granted to the petitioner on November 25, 1913, and that the minor child, Elizabeth, was not the child of the defendant. On consideration of this petition the court vacated so much of the order of Oct. 19, 1910, as required the defendant to contribute to the support of his wife, Veronica, and reduced the amount stated in said order to a payment of three dollars per week for the support of the child, Elizabeth. On Jan. 3, 1914, the defendant presented a petition to the same court praying for a rule to show cause why the order for the payment of three dollars a week for the support of the minor child, Elizabeth, should not be revoked. The same day a rule to show cause was granted. On Oct. 22, 1914, the parties in interest appeared in the Municipal Court of Philadelphia for a hearing on the petition presented in the Court of Quarter Sessions on January 3, 1914, and the court heard the case. On Nov. 25, 1914, the rule of the Court of Quarter Sessions granted Jan. 3, 1914, was discharged

and the petition dismissed by Hon. Charles L. Brown, president of the Municipal Court. From that order this appeal was taken. The errors assigned are: (1) that the court dismissed the defendant's petition; and (2) that the court refused to hear the evidence of the appellant and his former wife to prove that the defendant was not the father of Elizabeth. Passing the question whether the Municipal Court had jurisdiction to entertain an application to vacate the order of the Court of Quarter Sessions the appellant is confronted by the fact that the appeal in cases of this class is in effect a certiorari and brings up the record only. Nothing is before us for consideration except the regularity of the proceedings of the court below as disclosed by the records. We are to determine whether the court had jurisdiction and whether the proceedings were regular. The evidence is not a part of the record and there is no way of bringing it onto the record to make the refusal of the offer of evidence a subject of review by this court. This was expressly held in Com., ex rel., v. Supt. Philadelphia County Prison, 220 Pa. 401; Com. v. Friedlander, 53 Pa. Superior Ct. 221.

There is the further objection that the question which the appellant proposed to try was res adjudicata. The decree of the Court of Quarter Sessions of Oct. 19, 1910, involved the legal liability of the defendant for the support of Elizabeth as did the order of Jan. 26, 1912. It was a material inquiry in the original hearing whether Elizabeth was in the class "children" as described in the Act of 1867; and that question having been decided by a court of competent jurisdiction it was not within the capacity of the Municipal Court to retry that issue. It was said in Schwan, et al., v. Kelly, et al., 173 Pa. 65, that "the rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceeding which was legally cognizable and applies where a party had neglected the opportunity of trial or has failed to present

118, (1916).]        Opinion of the Court.

his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding." The same question was raised in Taylor v. Cornelius, 60 Pa. 187, where it was held that whatever question was properly involved in the former suit and might have there been raised and determined is conclusively settled by the decree. The defendant had the same knowledge at the time of the first hearing in the Court of Quarter Sessions which he now has. The same defense could have been made there if it could have availed anything. It is too late now to set up that defense in the Municipal Court. We find no defect in the record to support the appeal.

The decree is affirmed at the cost of the appellant.