Com. ex rel. Berardino *v.* Berardino, Appellant.

Argued May 5, 1930.

Before Trexler, P. J., Keller, Linn, Gaw-
throp, Cunningham and Baldrige, JJ.

*Charles J. Margiotti,* and with him *William M.
Gillespie, Sebastian C. Pugliese, Edward Friedman*
and *Edward J. I. Gannon,* for appellant.

*H. F. Stambaugh,* and with him *Ralph H. Smith* and
*Watson and Freeman,* for appellee.

Opinion by Keller, J., July 10, 1930:

On January 31, 1929, the county court of Allegheny
County ordered the appellant to pay his wife, inter
alia, the sum of three hundred dollars per month for
her maintenance and support. He appealed to this
court—see 96 Pa. Superior Ct. 288—and on July 2,
1929, we affirmed the order in so far as it related to
the monthly payments. We said in that case, "The
evidence, if believed, is sufficient to justify the order
made for her monthly support." The evidence re-
ferred to was given by the wife and witnesses pro-
duced by her; the husband offered no testimony as
to his property, real and personal, or his income.

On November 18, 1929, appellant presented his petition to the county court asking for a reduction of the order so entered as above. The grounds set forth in the petition were: (1) "That defendant is unemployed and has been unable to secure employment; (2) that defendant has suffered severe losses amounting to about $20,000, by reason of the recent decline in stocks and other securities; (3) that defendant is unable to pay the amount of said order for the reason that he has no income whatever." A rule to show cause was granted and the hearing continued four times until March 7, 1930, when it developed that the petitioner defendant had not paid one cent on account of the order for maintenance entered January 31, 1929, or in fact contributed anything to his wife's support since August 2, 1928; that suit had been entered against the defendant and his surety, on the bond given to secure compliance with said order, and defense had been made thereto by the petitioner's attorneys representing both him and the surety.

The court being satisfied, from the petition and answer and the facts already elicited as above, of the ability of the defendant to pay the accrued arrears, declined to hear evidence on the motion to reduce the order until such arrears had been paid; and, on the defendant's refusal to pay, the petition was refused. Defendant appealed.

The reduction of an order for support is largely in the discretion of the court below. Until the passage of the Act of April 18, 1919, P. L. 72, the evidence taken on such a hearing formed no part of the record: Com. v. Bednarek, 62 Pa. Superior Ct. 118. The wife's right to support has been adjudicated and the amount payable to her fixed. The court must be convinced of the defendant's good faith in the application and that there has been such a permanent change in the defendant's circumstances as to require a modification

of the order. Mere temporary losses are not sufficient: Com. ex rel. v. Ritter, 91 Pa. Superior Ct. 563, 566.

Nor is it necessary in every case that there must be a taking of testimony. In Com. v. Hart, 12 Pa. Superior Ct. 605, 611, this court said: ''The modification of the original order was within the discretion of the court. It was not essentially necessary to a disposition of the case that the parties should be orally heard. The petition and answer may have given such information to the court as enabled it to dispose of the case without a hearing, although the record does not affirmatively show it.''

There is no hard and fast rule that arrears due under such an order must be paid before the order will be reduced or modified; though, in practice, it is sometimes made a prerequisite. See Com. ex rel. v. Ritter, supra, p. 565; and in some cases attention has been drawn in the opinion to the fact that the arrears were paid before there was a modification of the order. See Com. v. Mendelsohn, 83 Pa. Superior Ct. 593, 595; Com. v. Fawner & Young, 96 Pa. Superior Ct. 606, 609. If the court is convinced that the defendant is able to pay the arrears and is withholding their payment, not because of absolute lack of resources, but from wilful neglect or defiance of the court's order, we think the court entirely justified in refusing to consider the modification until the defendant has shown his compliance with the order up to the time of his application for reduction, or satisfied the court that he has used his utmost endeavors to do so. It is largely a matter of discretion with which this court will not interfere.

Furthermore a consideration of the reasons advanced in the petition as grounds for reducing the order fails to disclose any valid basis for such action.

The defendant was not in the employ of any other person when the order of January 31, 1929, was made. His time was apparently taken up in the care of his own large business and financial interests. If he lost

$20,000 by reason of the decline in stocks and other securities in October and November, 1929, he was amply able to pay the amount due under the order prior to such decline. His bald averment that he has no income, standing by itself, amounts to nothing. We said in Com. v. Knobloch, 89 Pa. Superior Ct. 216, 218, speaking through our present president judge, ''We can easily imagine that a man of large income could so adjust his finances, incur liability for insurance payments and other subjects and so regulate his investments that a very small net income might result.'' The defendant may be basing his statement on the provisions of the Federal income tax laws, which allow losses on bonds and stocks sold to be deducted from taxable income; but that rule does not apply to orders for support. The defendant was found to have considerable property interests and a large income in January, 1929. He did not see fit to disclose the amount of either. But those facts having been adjudicated by the court he is not in a position to ask a modification of that order unless he makes disclosure in his application of the moneys, property, and estate belonging to him, and his gross and net income from the same, and accounts for any considerable shrinkage since January, 1929. A mere statement of their decline in value in the amount of $20,000 during the recent stock panic and his consequent lack of ''income'' is wholly insufficient to move a court to modify or reduce the order; and that is all he proposed in his petition to show.

We find no abuse of discretion in the action of the court below and the order is affirmed at the costs of the appellant.