Com. ex rel. Williams *v.* Williams, Appellant.

Argued July 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Milford J. Meyer,* and with him *Eugene J. Lewis,* for appellant.

*Marshall A. Coyne,* for appellee.

Opinion by Keller, J., October 10, 1932:

This is an appeal by defendant from an order of the municipal court refusing to reduce an order entered February 23, 1926 requiring him to pay $150 per month for the support of his invalid minor son.

No appeal was taken from the original order, so its validity is established. Whether an order so entered shall be reduced is largely in the discretion of the court: Com. ex rel. v. Berardino, 99 Pa. Superior Ct. 532.

The ground upon which this application was based was that since the entry of the order appellant's financial condition had changed so that he had no net income.

The evidence showed that at the time of the hearing appellant was the comptroller of a large corporation, with a gross personal income of $15,630 a year, made up of salary, $13,950; director's fees, $240; and other items $1,440. He reported expenditures of, interest charges, $8,508.40; premiums on insurance policies to protect creditors, $5,460.68; carrying charges on his apartment $4,800, or a total of $18,769.08. His loans and notes outstanding he reported were $187,806.46, of which $49,000 was owing his employer. The balance was borrowed from banks and individuals with stock of his corporation employer as collateral, he having bought a large block of the stock with borrowed money shortly after the first break in the market, which stock since had greatly declined in value. He stated at the hearing that he expected to sublet his apartment and rent a cheaper apartment for himself at considerable saving. He was then spending on his own living expenses between $7,000 and $8,000 a year.

While his statement may make out a case which relieves him from payment of any income tax, to the federal government, it is not necessarily applicable to an order for support: Com. ex rel. v. Berardino, supra, p. 536. A man with an income as large as appellant's

cannot load himself up with debts in the purchase of stocks, in the expectation of a rise in the market, and apply his whole income to the payment of interest on his loans and insurance premiums for the benefit of his creditors and in this manner escape his primary obligation to support his invalid child. And furthermore, rent of one's own living quarters and one's living expenses are not deducted in arriving at one's income for purposes of support orders. His gross salary or income remaining after necessary expenses incident to his business is the consideration. Otherwise a man could easily use up his entire income in his own living expenses leaving nothing for the support of wife and/or children. He must fit his own living expenses to his income, having in mind his obligation to those dependent on him.

We are not satisfied from a review of all the evidence that the lower court abused the wide discretion vested in it in refusing to reduce the order.

The assignments of error are overruled and the appeal is dismissed at the costs of the appellant. It is ordered, however, that no attachment shall issue for the present arrears under the order without leave of this court.