Com. of Pa. *v.* Mowrey, Appellant.

Argued July 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*B. R. Stewart* and with him *W. Edward Bushong, Jr.,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., October 10, 1932:

On September 10, 1918, the court below entered an order directing Herman Mowrey, the defendant, to pay to his wife Margaret the sum of thirty dollars per month for the support of their son, Ralph. The matter was before the court several times. On October 19, 1931, the defendant for failure to pay the sum ordered was committed to jail, and a short time after the expiration of three months' confinement was released. On November 6, 1931, a petition for the modification of the order was presented. The court made the follow-

ing order, which supplies the first assignment of error:

"Court declines to entertain application for reduction of order of September 10, 1918, until arrearages of over $3,000, owed by defendant before he went to jail on October 19, 1931, for contempt of court for failure to pay said arrearages, are paid; notwithstanding he was released on February 1, 1932, after serving three months and 13 days sentence, and that the only condition of his release was that bail of $500 be furnished for his appearance when wanted."

It would seem that it is imposing a rather hard condition on the defendant that he pay $3,000 before the court would consider a reduction of the sentence, but that impression disappears when we consider the whole situation which is presented. The appellant omits the concluding sentence of the judgment: "The court recommends counsel for both parties to pay and agree to some substantial payment on this order." The following colloquy preceded the entry of the order: "The court (HAUSE, P. J.): That [to reduce the sentence] the court declines to do in the light of the fact these arrearages amount to over $3,000, and that no part of them has been paid, and no effort made to pay any part of them. For that reason the court declines to further hear any testimony with respect to the reduction of this order.

Mr. Bushong: If the court please, would it affect your Honor's decision if we were to say, and show, that he cannot and doesn't have funds to pay these arrearages? We have already shown that.

The court (HAUSE, P. J.): We want to repeat what we have said before. We don't see any reason why counsel for the Commonwealth here and counsel for this defendant should not sit down and undertake to make some compromise to pay some comparatively small amount of money in order that we may properly consider this matter.

Mr. Bushong: We then call to the stand Herman

Mowrey for the purpose of showing that he has no means of paying the arrearages which he was sent to jail for.

Mr. Wade: I object to that.

The court (HAUSE, P. J.): We will sustain the objection. You can note on the record we decline to entertain this application until the defendant, or someone for him, makes a reasonably substantial offer to pay a part of the $3,000 arrearages that he already owes.

Mr. Stewart: That he owes before he went to jail?

The court (HAUSE, P. J.): Yes.

Mr. Stewart: I give notice in open court of the intention to appeal to the Superior Court, and ask your Honors to apply rule 58 of the court to write an opinion in the case.

The court (HAUSE, P. J.): No. The record here indicates our reason. That will simply be repeating. He has plenty of money to pay legal expenses and that sort of thing, but nothing to pay for this child on account of these arrearages."

The position which the court takes is supported by our case of Com. ex rel. Berardino v. Berardino, 99 Pa. Superior Ct. 532, from which we quote the following:

"There is no hard and fast rule that arrears due under such an order must be paid before the order will be reduced or modified; though, in practice, it is sometimes made a prerequisite. See Com. ex rel. v. Ritter, supra, P. 565; and in some cases attention has been drawn in the opinion to the fact that the arrears were paid before there was a modification of the order. See Com. v. Mendelsohn, 83 Pa. Superior Ct. 593, 595; Com. v. Fawner & Young, 96 Pa. Superior Ct. 606, 609. If the court is convinced that the defendant is able to pay the arrears and is withholding their payment, not because of absolute lack of resources, but from wilful neglect or defiance of the court's order, we think the court entirely justified in refusing to con-

sider the modification until the defendant has shown his compliance with the order up to the time of his application for reduction, or satisfied the court that he has used his utmost endeavors to do so. It is largely a matter of discretion with which this court will not interfere." "Nor is it necessary in every case that there must be a taking of testimony." Under all the circumstances, as presented, we think the court cannot be convicted of abuse of discretion. The court is, no doubt, convinced that the defendant's application is not made in good faith.

The question is now raised for the first time that the son having been committed to the New Jersey State Village for Epileptics, the jurisdiction of the Pennsylvania Court is ousted. As it appears that the mother is still required to contribute to the child's support, it is apparent that the court has the right to require the father to continue to pay under his present sentence, which as to arrearages would remain unaffected by any action of the New Jersey Courts. Moreover, the petition in the present case is not to set aside the order entirely, but merely for a modification of the sentence. If the petitioner wishes hereafter to raise the question of the effect of the commitment of the son to an institution in another state, he can do so after he has put himself in a position to be heard by showing some compliance with the order of the court by some sufficient payment on the arrearages.

The judgment is affirmed. Assignments of error are overruled; appellant to pay the costs.