## Commonwealth v. Benninger

*Ralph H. Schatz*, for Commonwealth.

*Helfrich & Kohler*, for defendant.

HENNINGER, J., July 1, 1935.—The defendant on June 5, 1928, was ordered by this court to pay the sum of $7 per week for the support of his wife and paid the same with admirable promptness to July 17, 1934. After that date, following a hearing in the divorce action which he had instituted against his wife and in which he correctly felt he had established the fact of his wife's adultery, he discontinued payment of the order.

A divorce was granted on November 19, 1934. Later defendant filed a petition setting forth these facts and asking for a revocation of the support order as of July 17, 1934, and for a return of his cash bail in full. It is agreed that there is no claim for support after the entry of the decree in divorce and that the amount due to that date would be $126.

We have considered very carefully the cases cited by defendant's counsel in support of his contention that the court should enter a revocation of the order as of the date when he proved the facts which would have absolved him from such an order. But the support order of June 5, 1928, was an official adjudication of defendant's liability to support his wife and of the amount payable under the particular circumstances of the parties. The next adjudication of the status of the parties was the entry of a decree in divorce.

Neither party has been able to furnish us with any case directly in point. Defendant's counsel has directed our attention to cases which hold that the existence of arrearages is no bar to a reduction of the support order. There are other cases which permit courts as a disciplin-

ary measure to refuse to consider petitions for reduction while arrearages exist. There is no case, however, which holds that a reduction order can be retroactive so as in effect to cancel liability for arrearages accrued to the date of the order revoking or reducing a former order.

On the other hand, in Commonwealth v. Brown, 28 Pa. C. C. 180, the court revoked an order, despite arrearages, but held that the disability to pay would not justify striking off the arrearages, though it admitted that the disability had existed for a long time.

In Commonwealth v. Berardino, 99 Pa. Superior Ct. 532, Judge Keller says, at page 534: "The wife's right to support has been adjudicated and the amount payable to her fixed."

This situation is not to be confused with cases where an attachment has been asked for payment of arrearages where the court may exercise its discretion. Here the defendant and his bond (in this case a cash deposit) are indebted to prosecutrix for the unpaid amount of the existing order. The existence of facts which should in conscience relieve him is not sufficient to revoke the order, but only the adjudication that the right to support has ceased. Such adjudication might be either a revocation of the order upon the facts shown or, as in this case, a decree in divorce. Over amounts accrued meanwhile, this court has no jurisdiction.

Now, July 1, 1935, the order of support made June 5, 1928, in the above captioned action is revoked as of November 19, 1934, upon payment by defendant of costs accrued and of amounts due on said order to said date, which amount is hereby fixed at $126.