Com. ex rel. Martin, Appellant, *v.* Martin.

Argued December 14, 1938.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*David F. Maxwell,* with him *Edmonds, Obermayer & Rebmann,* for appellee.

OPINION BY KELLER, P. J., January 31, 1939:

This appeal raises squarely, for the first time, the question whether the court of quarter sessions,—or the municipal court in Philadelphia County—, has the power to remit arrearages which have accrued under a valid order of support entered by that court in favor of a wife and children, or either of them, pursuant to proceedings under the Act of April 13, 1867, P. L. 78, 18 PS sec. 1251, and its supplements and amendments. While such action was collaterally involved in a number of cases which have come before us,—(See *Com. ex rel. Reynolds v. Reynolds,* 94 Pa. Superior Ct. 545; *Com. ex rel. Spieldock v. Spieldock,* 124 Pa. Superior Ct. 394, 188 A. 601)—the power of the court to enter such an order was never previously brought directly before us or passed upon by us. We have come to the conclusion that it does not have the power.

(1) The order of support, that the defendant "pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife, or children, or both," with power to commit such person "until he comply with such order, or give security, by one or more sureties, to the Commonwealth, and in such sum as the court shall direct, for the compliance therewith," is res judicata as to all

defenses which might have been raised at that time: *Com. v. Richards,* 126 Pa. Superior Ct. 517, 519, 520, 191 A. 634; *Com. ex rel. Iacovella v. Iacovella,* 121 Pa. Superior Ct. 139, 142, 143, 182 A. 727; *Com. v. Bednarek,* 62 Pa. Superior Ct. 118, 120, 121; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 455, 188 A. 551; *Com. ex rel. May v. May,* 77 Pa. Superior Ct. 40, 43.

(2) While the amount to be paid under the order is subject to change as future circumstances and events may warrant, (*Com. ex rel. Isaacs v. Isaacs,* supra; *Com. ex rel. Iacovella v. Iacovella,* supra; *Com. v. Jones,* 90 Pa. 431, 433; *Com. ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 532, 535; *Com. ex rel. Snyder v. Snyder,* 120 Pa. Superior Ct. 189, 182 A. 62; *Com. ex rel. Nolde v. Nolde,* 105 Pa. Superior Ct. 334, 161 A. 450; *Com. v. McClelland,* 109 Pa. Superior Ct. 211, 167 A. 367), and accordingly, in the sound discretion of the court, may be increased, decreased or revoked, as future circumstances may justify, such action cannot be made retroactive and will not affect the order prior to the date of the amending order: *Com. v. MacMaster,* 88 Pa. Superior Ct. 37; *Keller v. Com.,* 71 Pa. 413, 417; *Com. v. Lowenstein,* 97 Pa. Superior Ct. 424; *Com. ex rel. Herman v. Herman,* 97 Pa. Superior Ct. 453, 457, 458; *Com. ex rel. Singer v. Singer,* 128 Pa. Superior Ct. 223, 226, 193 A. 320; *Com. v. Ehrhart,* 118 Pa. Superior Ct. 293, 297, 298, 179 A. 868. The expression which frequently appears in the reports, that the order is always under the control of the court, relates to changes to be made in the future because of altered conditions. It does not refer to arrearages due and unpaid under the order.

If the court, which because of a change in circumstances has reduced an order of support, does not have the power to make it apply retroactively so as to affect the weekly or monthly payments which were due and unpaid under the original order at the date of the

amending order, it would seem to follow that it does not have the greater power to *remit* the arrearages, in whole or in part, which had accumulated under the original order.

(3) Some help may be had by examining the cases which deal with bonds given pursuant to the Act of 1867 as security for compliance by the defendant with the order of support. See *Kiehl v. Com.*, 18 W. N. C. 505; *Com. v. Mendelsohn*, 83 Pa. Superior Ct. 593: *Com. v. Grady & McNally*, 95 Pa. Superior Ct. 108; *Com. v. DeBurt*, 7 Pa. Superior Ct. 230; *Com. v. Fawner & Young*, 96 Pa. Superior Ct. 606; *Com. ex rel. Hosey v. Hosey*, 101 Pa. Superior Ct. 142. These hold that the surety on a bond, given as security for compliance with an order of support, is not relieved of his liability on the bond because the court reduces the amount fixed in the original order.

(4) The case of *Hooks v. Hooks*, 123 Pa. Superior Ct. 507, 187 A. 245, relied on by appellee, is not controlling here. That case was concerned with a decree for alimony awarded a wife whose husband had obtained a divorce from her on the grounds of cruel and barbarous treatment and indignities to the person such as to render his condition intolerable and life burdensome, under the Act of June 25, 1895, P. L. 308. After the enactment of the Divorce Code of May 2, 1929, P. L. 1237, 23 PS sec. 1 et seq., the husband filed his petition to strike off the order or decree for alimony. The testimony showed a change in the circumstances of the husband and his ability to pay alimony and a lack of necessity for it by the wife. He had paid her $4037.50 alimony under the order and at the time of the hearing was in arrears $311.88. The court struck off the arrears, and reduced the alimony from $7.50 a week to $25 a month. *The husband alone appealed.* He was not adversely affected by the order striking off the arrears and filed no assignment of error thereto. The wife who was affected adversely did not appeal. Hence the

validity of the order as to the arrearages was not before us and we did not rule upon it. We reversed the order as to payment of $25 a month alimony, because we were of opinion that the former husband should be "relieved of further payments."

So also the case of *Com. ex rel. Morse v. Glasgow,* 132 Pa. Superior Ct. 226, 200 A. 686, is easily distinguishable. The point really involved there was whether an order of the County Court of Allegheny County made August 13, 1926 had the effect of suspending a prior order of support made some years previously. If it had, the arrears due by the defendant at the time of his death were only $289, for which judgment was entered in the court below; if it had not, arrearages were due in the amount of $4069, from May 1, 1926 to August 29, 1932. We said: "In his opinion, supporting his conclusion that the arrearages now due amount to only $289, Judge McKim held, in effect, that the only valid objection made by appellant [the wife] to the order of suspension of August 13, 1926, was that it was retroactive. In the judgment entered by him he accordingly included payments at the rate of $12 per week from May 1st to August 13, 1926, or a total of $180. The balance of the judgment—$109—is the amount of arrearages, exclusive of those in controversy, shown by the records of the 'collection department' of the court below" (pp. 229, 230). We affirmed the court below which held that the arrears under the order were only $289.

Nor does anything we have here said conflict with the right of the wife to agree to remit part of the arrearages due her under an agreement for support, where such remission is taken into consideration by the court in determining the weekly or monthly support thereafter payable to her under order of court, as was done in *Com. ex rel. Simmler v. Simmler,* 134 Pa. Superior Ct. 339, 4 A. 2d 215.

(5) It does not follow that because the court is

without power to remit arrearages due by a husband under its prior valid order, it is obliged to attach the person of the defendant or hold him in contempt for failure to pay the same to his wife. The reasonable and just cause which may lead a court to reduce an order of support may furnish just and reasonable ground for its refusal to attach a defendant's person for failure to pay arrears due. But that does not affect the right of the wife to have satisfaction for such arrears out of any money or property of the husband which she may be able to reach. And it is right that she should have it, for if he has the means with which to pay the arrears he should do so. We said in *Com. ex rel. Berardino v. Berardino,* supra, p. 535: "There is no hard and fast rule that arrears due under such an order must be paid before the order will be reduced or modified; though, in practice, it is sometimes made a prerequisite. See *Com. ex rel. v. Ritter,* supra, [91 Pa. Superior Ct. 563] p. 565; and in some cases attention has been drawn in the opinion to the fact that the arrears were paid before there was a modification of the order. See *Com. v. Mendelsohn,* 83 Pa. Superior Ct. 593, 595; *Com. v. Fawner & Young,* 96 Pa. Superior Ct. 606, 609. If the court is convinced that the defendant is able to pay the arrears and is withholding their payment, not because of absolute lack of resources, but from wilful neglect or defiance of the court's order, we think the court entirely justified in refusing to consider the modification until the defendant has shown his compliance with the order up to the time of his application for reduction, or satisfied the court that he has used his utmost endeavors to do so."

The assignments of error are sustained and the order of March 17, 1938, in so far as it remits the arrears due under the order of support, is reversed, at the costs of the appellee.