## Commonwealth ex rel. Chrstos, Appellant, *v.* Chrstos.

Argued November 21, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Jacob Boonin,* with him *Rebecca D. Boonin,* for appellant.

*J. Dennis Sheedy,* for appellee.

OPINION BY BALDRIGE, J., December 13, 1944:
This appeal is from the decree of the court below

opening a judgment and staying an attachment execution issued thereunder. On May 31, 1927, the Municipal Court of Philadelphia entered an order directing this appellee to pay $20 per week for the support of his wife. The amount was reduced from time to time and ultimately fixed by Judge WINNET at $6 per week. On March 6, 1944, the wife filed a petition for attachment for noncompliance with the court's order. Hearing was had and Judge TUMOLILLO directed the defendant to pay $4 on arrearages in addition to the $6, making a total amount payable weekly of $10. On May 19, 1944, a certified copy of the court's order and a statement of the account were filed showing all the orders entered between May 31, 1927, and February 7, 1942, but did not include the order entered by Judge TUMOLILLO on March 6, 1944. The following day the wife filed a praecipe for fi. fa. and attachment sur judgment, which the prothonotary refused to issue until approved by a judge. Judge WINNET, without knowledge of the order entered March 6, 1944, approved the issuance of the writs. The Act of May 10, 1921, P. L. 434, §1, 48 PS §136, under which the judgment was entered and the attachment execution issued provides that where the husband is in default of a decree made against him to support his wife or children, or both, the court may issue an appropriate writ of execution against any property belonging to the defendant. This appellant was without authority to invoke that act with the same effect as if Judge TUMOLILLO'S order had not been made. It was in force and could not be ignored.

The sheriff levied upon, and took possession of, an automobile owned by the husband, who then entered a rule to show cause why the judgment should not be opened and he be allowed to enter a defense. The wife in her answer to this petition set forth that her husband had not complied with the order of March 6, 1944, had paid only $80 instead of $129 and alleged that he is not entitled to relief.

In the case of *Commonwealth ex rel. Martin v. Martin,* 134 Pa. Superior Ct. 345, 4 A. 2d 217, decided January 31, 1939, we held that a support order is not irrevocable; it remains under the control of the court in so far as making changes affecting the future payments are concerned, but an order may not be made that applies retroactively, remitting all or part of arrearages due and unpaid. The legislature, within a few months after that decision was filed, saw fit to pass the Act of June 19, 1939, P. L. 440, 17 PS §263, which provides as follows: "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant." The court making a support order now is in complete control and may not only increase or reduce the amount payable, but it may deal effectively with arrearages: *Commonwealth ex rel Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 361, 21 A. 2d 236; *Commonwealth ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 379, 22 A. 2d 598; *Commonwealth ex rel. Milne v. Milne,* 149 Pa. Superior Ct. 100, 108, 26 A. 2d 207. The Act of 1921, supra, was not repealed pro tanto, as the appellant alleges, nor is there any conflict between it and the Act of 1939, supra.

We do not interfere with the making or changing of a support order unless there is a clear abuse of discretion: *Commonwealth ex rel Grandall v. Grandall,* supra, p. 364. We see no reason why this same rule should not apply to opening this judgment based upon a support order and obtained by invoking the provisions of the Act of 1921, supra. The court was not deprived of its broad discretionary powers by opening the judgment. Nothing appears in this record that warrants our interfering with the action of the court below.

The decree of the court below is affirmed at appellant's costs.