LESSIE PARAMORE, PLAINTIFF, v. LOUIS PARAMORE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 25, 1954.

*Mr. Grover C. Richman* for plaintiff (*Messrs. Richman, Richman and Berry*, attorneys).

*Mr. Walter L. Marshall* for defendant.

HANEMAN, J. S. C. Plaintiff herein brings suit upon a foreign judgment, the facts in connection with which are as follows:

On May 13, 1932 the plaintiff obtained an order for support from the Municipal Court of Philadelphia County, Pennsylvania, in the amount of $5 per week. On October 3, 1952, the defendant then being in arrears in the sum of $2,750, plaintiff entered judgment in said municipal court for that amount. Suit is now here brought upon this foreign judgment.

Plaintiff alleges that under Article 4, Section 1 of the United States Constitution and the act of Congress implementing the same, *i. e.*, 28 *U. S. C. A., section* 1738, she is now entitled to a judgment in this court.

The sole question here involved is whether this is a final judgment which cannot be affected by the future action of the court of the jurisdiction in which it was obtained, or whether the Pennsylvania court retains the right to modify the judgment and remit all or some part of the arrearages for which it was entered.

In *Frank v. Frank*, 10 *N. J. Super.* 73 (*App. Div.* 1950) modified in 7 *N. J.* 225 (1951), the court said as follows, at *page* 79:

"A decree for future alimony is entitled to full faith and credit as to past due installments, if the right to them is absolute and vested, even though the decree may be modified prospectively by future orders of the court. But the decree is not considered final and not entitled to credit if the court may retroactively reduce or cancel past due installments. *Sistare v. Sistare,* 218 *U. S.* 1, 30 *S. Ct.* 682, 54 *L. Ed.* 905 (1910)."

See also *Whitehead v. Villapiano,* 16 *N. J. Super.* 415 (*App. Div.* 1951).

We have been referred to several cases in which the courts of the State of Pennsylvania have determined this question. Apparently in *Commonwealth ex rel. Martin v. Martin,* 134 *Pa. Super.* 345, 4 *A.* 2d 217 (*Sup. Ct.* 1939), the court had before it for the first time the question of the remission of arrearages arising under a support order. It was there held that the court did not have such power as to arrearages but did control the order insofar as future payments were concerned, and might, as to such payments, change the same as future circumstances and events might warrant. Shortly after this decision, and on June 19, 1939, the Legislature of the Commonwealth of Pennsylvania passed an act, *P. L.* 440, 17 *P. S., sec.* 263, which reads as follows:

"Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."

In construing this statute the court, in *Commonwealth ex rel. Christos v. Christos,* 156 *Pa. Super.* 238, 40 *A.* 2d 165 (*Sup. Ct.* 1944), held that even though judgment, as here, had been entered, the municipal court retained complete jurisdiction.

In the light of the foregoing, it would seem that the judgment here sued upon, under the decisions of the State of Pennsylvania, is not a final judgment, but is subject to revision and reduction in the discretion of the municipal court.

The complaint will therefore be dismissed.