## Commonwealth v. Allen

*Gerald R. Walmer*, for Commonwealth.

*Henry W. Allen*, defendant, p.p.

MACPHAIL, P. J., November 10, 1967.—In this action, a complaint for support has been filed in Venango County, Pa., under the provisions of the Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, sec. 1, 62 PS §2043.31, et seq. The complaint alleges that complainant is a resident of Oil City, Pa., and that respondent lives in York Springs, Adams County, Pa.

Under the procedure authorized by the Act of 1953, supra, copies of the complaint were forwarded to Adams County, and defendant appeared for hearing before us as directed by the district attorney.

The testimony of complainant attached to the complaint indicates that there is an existing order in Venango County, directing respondent herein to pay the sum of $15 per week for the support of the three children of complainant and respondent (complainant and respondent are divorced). There is no allegation in the complaint that respondent is in default in the payment of that order. He testified in the hearing before us that he was not in default. The complaint states that the amount of support asked by complainant is "$30 per week plus medical and dental expenses".

In short, what petitioner seeks to accomplish by this proceeding in our court is an increase of the present order in Venango County. We do not believe we have the authority to enter an order in this respect. Section 10 of the act provides that the court *"making the order* shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order".

It is true that the same section goes on to provide that the complainant may institute additional proceedings for support in any county where the defendant resides or where his property is situated. However, we are of the opinion that the latter provision of section 10 does not authorize us to increase an existing support order against a defendant who happens to reside in our county where the original order was entered in another county of the Commonwealth.

While we do not find any case precisely on point, it has been held that a respondent county would not have the authority to terminate an order of support initiated in another county: Sweikert v. Sweikert, 57 Lanc. 553 (1961). In reaching its conclusions, the Lancaster County court pointed to the provisions of section 10 of the Act of 1953 mentioned above. The court making a support order for a wife, parent or child remains in complete control thereof, and may not only increase or reduce the amount payable, but it may effectively deal with arrearages: Commonwealth ex rel. Chrstos v. Chrstos, 156 Pa. Superior Ct. 238 (1944).

This court has no information whatsoever to determine the basis of the original order. Before any support order can be increased there must be proof of material changes in the circumstances and conditions affecting the relation of the parties since the original order was entered: Commonwealth ex rel. Naselsky v. Naselsky, 199 Pa. Superior Ct. 270 (1962). This is something we simply cannot determine, since, as we have said, we have no knowledge of the circumstances at the time the original order was entered. We do not see that either complainant or respondent will be prejudiced by our refusal to act on this petition, since Venango County has jurisdiction of the matter under the provisions of the Act of 1953, supra. If this was a case of the enforcement of an existing order which was in default, or the entering of an original

order, we would not hesitate to enter an appropriate decree under the Act.

And now, November 10, 1967, the complaint is dismissed without prejudice to complainant to file a petition for an increase in her present order of support in Venango County. Respondent, Henry W. Allen, may be discharged upon payment of the costs of this proceeding.