Commonwealth of Pennsylvania to Use *v.* Redrick
et al.

Argued April 11, 1934.

Before TREXLER, P. J., KEL-
LER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*John A. Berkey,* for appellant.

*P. G. Cober,* District Attorney, and with him *Daryle R. Heckman,* for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1934:

This appeal by F. E. Trimpey, petitioner below, is from an order of the common pleas of Somerset County, discharging his rule to show cause why an execution, hereinafter referred to, should not be vacated and the judgment upon which it issued satisfied. The controlling facts out of which the controversy arose may be thus stated: Desertion and non-support proceedings in the quarter sessions against Paul Redrick terminated on September 12, 1925, in an order directing him to pay, quarterly, into the office of the clerk of courts the sum of $25 per month, to be remitted to his wife, Helen Redrick, for the support of their two children, and to give bond to the Commonwealth of Pennsylvania, in the sum of $600, for faithful compliance.

Subsequently, a bond was executed by Redrick as principal and appellant as surety. It contained a warrant of attorney reading:

"In the event of the failure to comply with the said order of the court, we do hereby empower the district attorney or the solicitor of Somerset County to appear for us, and with or without declaration or statement filed, to confess judgment against us, for the sum of six hundred ($600) dollars in favor of the Commonwealth of Pennsylvania for the use of Somerset County as of any term, with release of all errors," etc.

Pursuant thereto, the district attorney confessed judgment against Redrick and appellant on May 19, 1932, and issued execution thereon. On September 18, 1933, an alias execution was issued for alleged arrearages of $131.57 and appellant thereupon obtained a rule to show cause why it should not be vacated and the judgment satisfied. The ground of his application

was that upon various dates, prior to the issuing of the second execution, he had paid arrearages amounting to $600 and thereby discharged the full penalty of his bond.

Under the averments of the petition, the admissions in the answer and the testimony, the payments made by appellant divide themselves into three classifications:

(A)  Between January 3, 1929, and October 6, 1931, and prior to the confession of judgment on the bond, appellant, having been notified on several occasions by the district attorney that Redrick was in arrears and that proceedings for "collection on the bond" would be instituted unless its terms were complied with, made payments to the clerk of courts aggregating $200.

(B)  Upon the original execution, issued when the bond was entered on May 19, 1932, appellant paid $145 to the sheriff.

(C)  Between July 26, 1932, and April 21, 1933, appellant was notified by the district attorney, from time to time, of additional arrearages and made seven payments, aggregating $255.

As to the payments referred to in paragraph (A) and aggregating $200, the court below correctly held, under the authority of Com. v. Grady and McNally, 95 Pa. Superior Ct. 108, that they were made in behalf of Redrick and in discharge of his primary obligation under the order of maintenance and, therefore, could not be considered as having been made by appellant in discharge of the latter's liability as surety on the bond.

With respect to the payment of $145, mentioned in paragraph (B) as having been made to the sheriff on account of the execution then in his hands, it was conceded by the Commonwealth that appellant is entitled to credit for that amount on his liability as surety.

The debatable question arises with regard to the payments classified under paragraph (C); they aggregate $255 and were made subsequent to the entry of the judgment and the issuing of the first execution. As to these payments the court below said in its opinion: "[They] fall in the same category as the payments made before the execution. The subsequent payments, as we understand, were to the clerk of courts. They could not have been paid to the sheriff, as he then had no execution in his hands. When making these payments, the petitioner might very properly have insisted that they be credited upon the judgment entered upon the bond to discharge his liability thereunder. He did not do this; therefore, we must assume that these payments were made in relief and discharge of the principal's obligation under the maintenance order. This may seem to be a harsh and unjust ruling, but we cannot depart from the ruling of the Superior Court [Grady & McNally case, supra] without inviting sure reversal by that court."

The conclusion thus stated by the learned court below is the result of a plain misapplication of the principle of the Grady and McNally case to the facts here present. The error was due, apparently, to an inadvertent failure to observe the important difference in the warrants of attorney contained in the respective bonds and the consequent difference in procedure necessarily adopted.

There, the warrant of attorney was for the confession of a judgment *forthwith* as security for the performance of the condition of the bond, with the further provision that execution might issue, from time to time, "for such sum or sums as shall, by affidavit filed in the said court, appear to be due by breach of the condition of [the] obligation."

Here, by the express terms of the warrant, no judgment could be confessed until there had been a failure to comply with the order.

For reasons stated at length in the opinion in the Grady and McNally case, "a new situation arises with respect to the duty and rights of the surety" when the Commonwealth "undertakes to enforce its rights under the bond by reason of a breach of the condition by the principal." That situation did not arise in the case cited until a *fi. fa.* was issued on April 6, 1926, although the *judgment* had been entered in 1912. Payments had been, made in that case both before and after the date upon which the fi. fa. was issued and the question involved was which, if any, of them were to be credited against the penalty of the bond and in discharge of the liability of the surety thereunder and which were to be considered merely as having been made in relief of the principal's obligation under the order. We there held that as the issuing of the fi. fa. was "the first formal assertion by the Commonwealth of a breach of the bond," the payments made by the surety subsequent to that date were legally applicable to the discharge of her liability as surety.

Here, the situation is quite different. The "first formal assertion by the Commonwealth of a breach of the bond" was the entering of the judgment on May 19, 1932, and the immediate issuing of the first execution; that date is the dividing line in this case and, therefore, all payments made thereafter should have been credited on the penalty of the bond in discharge of appellant's liability as surety. We deem it entirely immaterial, under the circumstances here present, at whose official instance the payments were made; they all ultimately passed through the office of the clerk of courts.

Our conclusion is that the $255, specified in paragraph (C) as well as the $145 referred to in paragraph (B), or an aggregate amount of $400, should have been credited against appellant's total penal liability of $600. After April 21, 1933, appellant was

liable as surety to the extent of $200, but not in the amount of $455, as held by the court below. When appellant shall have paid, subsequent to that date, arrearages amounting to $200, with costs, he will be entitled to have the judgment satisfied. There is nothing in the case of Com. ex rel. Hosey v. Hosey et al., 101 Pa. Superior Ct. 142, cited by appellant, contrary to the views here expressed, or to the principles announced in the Grady and McNally case.

As we are without knowledge of the present extent of the arrearages, we shall reinstate appellant's rule and remit the record to the court below to the end that the rule may be disposed of in a manner not inconsistent with this opinion.

The order appealed from is reversed and appellant's rule reinstated; the record is remitted with a procedendo.